been modified somewhat in Hurley v. Tucker, 128 App. Div. 580, 585, 112 N. Y. Supp. 980, but not sufficiently to sustain the present notice, for it does not describe with particularity the work and materials which the lienor had contracted to do and furnish, and that a definite part of the work and materials had been done as provided in the contract. It gives no figures from which it would be possible to determine what work or materials had been furnished for either of the owners of the premises against which it is sought to establish a lien. For all that appears, all of the work and materials so far furnished may have been placed upon the premises owned by the Realty Company, and yet the lien is sought to be sustained as against both the owners, or, to be more exact, against the properties of each of the owners. Clearly the notice is not within the letter or the spirit of the statute, and the court very properly dismissed the complaint.

The judgment appealed from should be affirmed, with costs.

---

### RYAN v. BRAENDER BLDG. & CONST. CO.

(Supreme Court, Appellate Division, Second Department. December 6, 1912.)

MASTER AND SERVANT (§ 243*)—INJURY TO SERVANT—CONTRIBUTORY NEGLIGENCE.

One disregarding the rule that he should oil the wheel at the top of an elevator shaft when the elevator was at the top floor, and after he had notified its operator, who would hold it till he was through, and commencing his work when the elevator was at rest at the bottom floor, after he had given notice, an hour and a half before, to the starter of the various elevators that he was going to oil it, was barred by his negligence from recovery for injury from the cable on the starting of the elevator.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 682, 759–775; Dec. Dig. § 243.*]

Hirschberg and Carr, JJ., dissenting.

Appeal from Trial Term, Westchester County.

Action by Martin Ryan against the Braender Building & Construction Company. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, THOMAS, and CARR, JJ.

Edward J. Redington, of New York City, for appellant.
Sydney A. Syme, of Mt. Vernon (Louis Cohn, of New York City, on the brief), for respondent.

PER CURIAM. The plaintiff, for the purpose of greasing a wheel carrying a cable at the top of an elevator shaft, reached his arm over it, whereupon the elevator at the ground floor started, and his arm was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

caught, with resulting injury. The grave misfortune arose from his conscious departure from the uniform practice of waiting until the elevator reached the nineteenth floor, or the twentieth and highest floor, whereupon he would call to the operator of the car, and cause him to halt it until such greasing as required extension of the arm over the wheel should be completed. This system was simple, safe, and thoroughly understood by him and by the starter of the several elevators, by the superintendent, by the elevator operators, who were witnesses on the trial, by the president of the company, and by others employed and related to the work. There is no evidence of departure from this custom, save in the present instance.

Why did plaintiff fail to observe it? His proffered reason is that the elevator was at rest at the first floor. But what right had he to assume that it would remain at rest? He testified that the superintendent, in the early morning, told him to grease that elevator and to advise the starter of it. This did not insure safe disregard of the recognized system of awaiting and staying the elevator near its upper terminal. The plaintiff states that he gave the notice at about half-past 10, and the accident seems to have happened about 12 o'clock. It was possible for a starter in a large building to suspend the operation of the elevator indefinitely; but it was not within reason nor the rule that he should do so, nor did the plaintiff suggest it. Why, then, had he a right to expect the starter to ignore the fixed practice and keep the elevator at rest? He states that when, after many years in the defendant's service, he, some three months before the accident, came to the duty of greasing and oiling the elevator, the superintendent showed him how to do the work, and the evidence is clear that at that time the elevator was stopped aloft. But he also testified that the superintendent told him—

"that he would stop them all while I would be greasing. Q. How would the elevator boy know when you were going to grease these wheels? A. I would tell the starter, or else I would tell the elevator boy."

The plaintiff's contention is that the superintendent thereby promised him that he would hold the elevators at rest whenever the starter was notified of the intended greasing, and that, as the superintendent failed to arrange in that way, he was negligent. The proposed inference, not only has no justification in the evidence, but is entirely disputed by it. The rule was that the operator should hold the elevator when the plaintiff notified him aloft, and it was neither in thought nor in deed to hold the elevator on the ground floor. It was desirable to notify the starter that the greasing process was in contemplation; otherwise, he would find his running schedule of his six elevators interrupted, and his elevators delayed at points, without knowledge of the detaining cause. The operator knew the system, as did the starter and the plaintiff, and the superintendent did his full duty by the plaintiff, and fulfilled the promise of causing the elevator to stop during the greasing period. The plaintiff's acknowledged understanding of a very simple and safe system, and his disregard of it, led to his grievous injury.

The judgment and order should be reversed, and a new trial granted; costs to abide the event.

JENKS, P. J., and BURR and THOMAS, JJ., concur. HIRSCH-BERG and CARR, JJ., dissent.

