Since no fraud was claimed, and the plaintiff was not responsible for the owner's failure to satisfy the chattel mortgage, I am of the opinion that the agreement of sale was binding and enforceable. The plaintiff's right to commissions cannot be defeated by the subsequent acts of the parties. Kutyn v. Sandrovitz (Sup.) 133 N. Y. Supp. 359.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

### RYAN v. BRAENDER BLDG. & CONST. CO.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

EVIDENCE (§ 589*)—SUFFICIENCY.

The testimony of an employé on the second trial of his action for a personal injury, inconsistent with his testimony on the first trial, and contrary to the testimony of all other employés engaged in the same line of work, does not support a verdict in his favor.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. § 589.*]

Appeal from Trial Term, Westchester County.

Action by Martin Ryan against the Braender Building & Construction Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and THOMAS, STAPLETON, RICH, and PUTNAM, JJ.

Edward J. Redington, of New York City, for appellant.
Sydney A. Syme, of Mt. Vernon, for respondent.

PER CURIAM. This verdict is against the weight of evidence. The proofs on the first trial showed that in greasing machinery over elevator shafts they waited till the elevator came to the upper floors, where the operator holds his car until the dangerous places had been lubricated. Hence the plaintiff was blamed for consciously departing from this safe and simple system, and greasing the machinery with the car down at the first floor. 154 App. Div. 278, 138 N. Y. Supp. 862. On the second trial, plaintiff would make out a different practice; that while greasing this top machinery the elevator car is kept down at the foot of the shaft, and this in a 20-story building. Such a course would be impracticable and dangerous, where, as here, the shaft was more than 250 feet in depth, with only the cars in the side shafts to carry the necessary communication to stop and start hoisting. This testimony was inconsistent with plaintiff's first account, and was against that of all other employés engaged on these elevators. It cannot save plaintiff from the application of our former decision.

Judgment and order reversed, and a new trial granted; costs to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes